**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL YAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 11 C 8462 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On November 28, 2011, pro se Petitioner Paul Yau filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in which he brings an ineffective assistance of counsel claim and a claim that the Court's failure to advise him of potential immigration consequences prior to accepting his guilty plea violated Federal Rule of Criminal Procedure 11 and his due process rights. Yau also seeks an evidentiary hearing to develop the facts of his ineffective assistance of counsel claim. For the following reasons, the Court grants Yau's request for an evidentiary hearing regarding his ineffective assistance of counsel claim. *See Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011) ("The court should grant an evidentiary hearing on a § 2255 motion when the petitioner alleges facts that, if proven, would entitle him to relief.") (citation omitted). The Court, however, denies Yau's claim that the Court violated Federal Rule of Criminal Procedure 11 and his due process rights as discussed below.

**BACKGROUND**

On January 31, 2006, a grand jury returned an indictment charging Yau with conspiring to violate the federal copyright laws in violation of 18 U.S.C. § 371 (Count One), and one count

of copyright infringement in violation of 17 U.S.C.§ 506(a)(2) and 18 U.S.C. §§ 2319(c)(1), (2) (Count Four). On June 28, 2006, Yau pleaded guilty to the conspiracy count pursuant to a written plea agreement in which Yau agreed to cooperate with the government, and the government agreed to move: (1) for a departure pursuant to U.S.S.G. § 5K1.1 and to recommend a sentence of 45 months' imprisonment; and (2) to dismiss the remaining count of the indictment against Yau.[1]

On September 29, 2010, the Probation Office issued its Presentence Investigation Report ("PSR") that identified Yau as a Permanent Resident Alien, who was born in Hong Kong, and who "may be amenable to removal proceedings for violation of the immigration act due to his felony conviction." (PSR, at 17-18.) During Yau's February 7, 2011 sentencing hearing, Yau's attorney, Raymond G. Wigell, informed the Court that he had received and reviewed the PSR with Yau. (Sent. Tr., at 2, 3.) In turn, Yau stated on the record that he had reviewed the PSR with his attorney. (*Id*.) The Court then granted the government's U.S.S.G. § 5K1.1 motion and sentenced Yau to one year and one day of imprisonment, three years of supervised release, and a $10,000 fine. The Court also granted the government's motion to dismiss the copyright infringement count as charged in Count Four.

On November 28, 2011, Yau timely filed the present Section 2255 motion. Construing Yau's pro se Section 2255 motion liberally, *see Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011), he contends that: (1) trial counsel was ineffective when he failed to inform him that his

---

[1] Although Yau waived his right to challenge his sentence in a Section 2255 motion in his written plea agreement, *see Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000), the government concedes that Yau's waiver does not bar the instant motion. In addition, Yau did not waive his right to appeal his conviction or sentence. (R. 148, Plea Agmt., at 18.)

2

guilty plea carried a risk of deportation; and (2) the Court's failure to advise him of the potential immigration consequences prior to accepting his guilty plea violated Federal Rule of Criminal Procedure 11 and his due process rights.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack.*" Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala,* 545 F.3d at 522. Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

ANALYSIS

I.  Ineffective Assistance of Counsel Claim

First, Yau asserts that his trial counsel failed to provide constitutionally effective assistance of counsel under the Sixth Amendment because counsel failed to advise him of the potential immigration consequences prior to his guilty plea. To establish constitutionally ineffective assistance of counsel, Yau must establish that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons,* 639 F.3d at 351 (citation omitted). If Yau fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

In the context of a guilty plea, the Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). "To establish prejudice in the plea context, the defendant must demonstrate through objective evidence that "there is a reasonable probability that, but for counsel's errors, he would not have

4

pleaded guilty and would have insisted on going to trial.'" *Koons,* 639 F.3d at 351 (quoting *Lockhart,* 474 U.S. at 59). "Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010).

As the Supreme Court recently held, under the first *Strickland* prong, the "weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Padilla v. Kentucky,* ___ U.S. ___, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010).[2] Here, the government admits that there is a factual dispute whether Yau's counsel advised him that his conviction may result in deportation. Nevertheless, the government maintains that an evidentiary hearing is unnecessary to determine this factual dispute regarding the *Strickland* performance prong because Yau cannot demonstrate the *Strickland* prejudice prong, namely, that it would have been "rational under the circumstances" to reject the government's plea agreement and proceed to trial. *See id.* at 1485 ("a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). In other words, the government argues that despite Yau's personal, familial, and professional reasons to remain in the United States, he has failed to demonstrate that it would have been rational under the circumstances for him to reject the plea agreement and

---

[2] Although the Seventh Circuit held that *Padilla* announced a new rule of criminal procedure for purposes of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), thus precluding retroactive application of *Padilla* on collateral review, because Yau's conviction became final after the Supreme Court decided *Padilla*, the Court can reach this Section 2255 claim. *See Chaidez v. United States,* 655 F.3d 684, 694 (7th Cir. 2011); *see also Welch v. United States,* 604 F.3d 408, 413 (7th Cir. 2010) ("New procedural rules that are established after a conviction becomes final generally do not apply on collateral review."). Indeed, the government concedes that *Padilla* is applicable to Yau's Section 2255 motion.

proceed to trial. *See Lockhart,* 474 U.S. at 56.

Specifically, the government argues that there was overwhelming evidence of Yau's guilt and that given the strength of the government's case and the substantial benefits Yau received from pleading guilty, Yau cannot demonstrate that it would have been rational to reject the plea agreement. The government explains that had Yau proceeded to trial on both Counts One and Four and lost, he would have faced a statutory maximum penalty and advisory guideline range of 96 months imprisonment, and thus by pleading guilty Yau immediately reduced his sentencing exposure from eight years to five years due to the dismissal of Count Four. The government further argues that by cooperating, the government moved under U.S.S.G. § 5K1.1 and recommended a sentencing of 45 months' imprisonment.

Contrary to the government's argument, a rational decision to reject a plea agreement under *Padilla* focuses on more than the evidence of an alien defendant's guilt and his potential sentence, but also focuses on whether the alien defendant will be deported as a consequence of his guilty plea. As recognized in the *Padilla* decision in the context of a plea agreement, [p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." *Padilla,* 130 S.Ct. at 1483 (citing *INS v. St. Cyr,* 533 U.S. 289, 323, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (citations omitted)). The *Padilla* Court also reasoned that "deportation is an integral part – indeed, sometimes the most important part – of the penalty that may be imposed on noncitizen defendants who plead guilty to specific crimes." *Id.* at 1480. Meanwhile, the Third Circuit recently articulated in the context of a writ of error coram nobis, "for the alien defendant most concerned with remaining in the United States, especially a legal permanent resident, it is not at all unreasonable to go to trial and risk a ten-year

6

sentence and guaranteed removal, but with the chance of acquittal and the right to remain in the United States." *United States v. Orocio,* 645 F.3d 630, 645 (3rd Cir. 2011).

According to Yau's PSR, he is a permanent resident alien. In his affidavit attached to his Section 2255 motion and signed under penalty of perjury, *see* 28 U.S.C. § 1746, Yau avers that he did not know of the immigration consequences of his guilty plea until after he was incarcerated at which time he realized that he might lose his residency, family ties, and business if he is deported. (R. 3, Yau Aff. ¶ 10.) Yau further avers that he left Hong Kong 21 years go and has not been back since then, all of his relatives and family members have immigrated to the United States, and that his residency means everything to him because his wife and children are United States citizens. (*Id*. ¶¶ 10-12.) Also, he states that "[h]ad I know that deportation could be a possible consequence, I would have fought my case to prevent this tragedy from happening" and that the "time of imprisonment cannot outweigh the seriousness and the potential damage of what deportation can cause to myself and my family." (*Id.* ¶¶ 14, 15.)

Yau's detailed and specific affidavit has met the threshold requirement necessitating an evidentiary hearing regarding Yau's ineffective assistance of counsel claim because, based on his averments, it would have been rational under the circumstances for Yau to reject the plea agreement and go to trial had he known of the immigration consequences. *See Kafo v. United States,* 467 F.3d 1063, 1067 (7th Cir. 2006); *see, e.g., U.S. v. Dass,* 05-140(3), 2011 WL 2746181, at *6 (D. Minn. July 14, 2011). In addition, an evidentiary hearing is necessary to resolve whether Yau's counsel informed him of the immigration consequences as required by *Padilla* in the first instance.

## II. Involuntary Guilty Plea

Next, Yau contends that the Court's failure to advise him of the potential immigration consequences prior to accepting his guilty plea violated Federal Rule of Criminal Procedure 11 and his due process rights. Because Yau failed to raise this claim on direct appeal, it is procedurally defaulted. *See Sandoval,* 574 F.3d at 850-51. Moreover, Yau did not argue cause for the procedural default and actual prejudice from the failure to appeal. *See id.*; *Torzala,* 545 F.3d at 522.

Even if Yau had not procedurally defaulted this claim, Rule 11 and due process do not require district courts to inform defendants of potential immigration consequences associated with a guilty plea. *See United States v. Montoya,* 891 F.2d 1273, 1293 (7th Cir. 1989); *see,* e.g., *Martin v. United States,* No. 09 -1387, 2010 WL 3463949, at *4 (C.D. Ill. 2010). Moreover, the *Padilla* Court did not address this issue. *See Padilla,* 130 S.Ct. at 1481; *see also United States v. Delgado-Ramos,* 635 F.3d 1237, 1241 (9th Cir. 2011) (*Padilla* "sheds no light on the obligations a district court may have under Rule 11 and due process"). The Court therefore denies Yau's second habeas claim.

**CONCLUSION**

For these reasons, the Court grants Petitioner's request for an evidentiary hearing in relation to his ineffective assistance of counsel claim. The Court, on the other hand, denies Yau's habeas claim that the Court's failure to advise him of the potential immigration consequences prior to accepting his guilty plea violated Federal Rule of Criminal Procedure 11 and his due process rights.

**Dated:** January 26, 2012

ENTERED

*/s/ Amy J. St. Eve*
**AMY J. ST. EVE**
**United States District Court Judge**